```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        NORTHERN DIVISION

ANNIE GRAYSON,                      *
                                    *
     Plaintiff,                     *
                                    *
vs.                                 *   Civil Action No. 08-00083-WS-B
                                    *
MICHAEL J. ASTRUE,                  *
Commissioner of                     *
Social Security,                    *
                                    *
     Defendant.                     *
```

**REPORT AND RECOMMENDATION**

Plaintiff brings this action under 42 U.S.C.§ 405(g) seeking seeking judicial review of a final decision of the Commissioner of Social Security.  This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending before the Court is Defendant's Motion to Dismiss (Doc. 14), and Plaintiff's response in opposition (Doc. 17).  Upon careful review of Defendant's motion and supporting memorandum, Plaintiff's response in opposition, and the record evidence, the undersigned recommends that Defendant's motion be GRANTED.

**I.   Background Facts**

Plaintiff Annie Grayson sought review before the Appeals Council of a decision denying her application for benefits under the Social Security Act. (Doc. 1).  In a Notice dated July 25, 2007, the Appeals Council denied Plaintiff's request for review. (Doc. 14, Ex. 2 ).  The Notice was mailed to Plaintiff, Annie Grayson, at her "Pine Hill, Alabama" address, and a copy was sent to Furlonia Davis,

of Selma, Alabama.  (Id.)   In the notice, the Appeals Council advised that Plaintiff could file a civil action within 60 days.  The Notice further provided that "The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  (Id.)

The record reflects that Furlonia Smith Davis, of F & A Disability Specialists, sent a letter dated September 24, 2007, to the Appeals Council requesting that Plaintiff be provided an additional sixty (60) days to file a civil action so that she could obtain an attorney to represent her. ( Id. )  Shortly thereafter, the Appeals Council advised Ms. Davis, in a letter dated October 2, 2007, that Plaintiff's request for a sixty day extension was granted.  (Id.)  The letter expressly provided that "The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 60 days from the date you receive this letter.  We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Id.)  The record reflects that a copy of the letter was also sent to Plaintiff at her Pine Hill, Alabama address. (Id.)

Subsequent thereto, Ms. Davis requested a thirty (30) day extension. (Doc. 17).  The Appeals Council advised Ms. Davis, in a letter dated January 10, 2008, that Plaintiff's request for a thirty

day extension was granted.  In the letter, the council also advised that "The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter.  We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period. (Id.)  The record reflects that a copy of the letter was also sent to Plaintiff at her Pine Hill, Alabama address. (Id.)  Plaintiff's complaint was filed in this Court on February 16, 2008[1]. (Doc. 1).

The Commissioner, on May 22, 2008, filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 14).  The Commissioner argues that Plaintiff's complaint should be dismissed as untimely because it was filed more than sixty (60)days after receipt of the final decision of the Commissioner.  Specifically, the Commissioner argues that while Plaintiff was granted a sixty (60) day extension in a letter dated October 2, 2007, her Complaint was untimely filed because it was not filed by December 6, 2007. In support of his position, the Commissioner has submitted the Declaration of Patrick J. Herbst, who asserts that while Plaintiff was granted a sixty (60) day extension in a letter dated October 2, 2007, he is not aware of "any further request for an extension of time."  (Doc. 14, Ex. 1 ).  In her response, Plaintiff asserts that

---

[1] February 16, 2008 was a Saturday.  Plaintiff's Complaint was filed electronically.

in a letter dated January 10, 2008, the Appeals Counsel extended the time for her to file a civil complaint thirty (30) days from the date the letter was received, and that "The letter was mailed to Plaintiff's former representative in Alabama and was then faxed to the Carpenter Law Firm on January 24, 2008." (Id.)

**II.  Discussion**

The relevant statute of limitations requires that a lawsuit challenging the denial of benefits be filed "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner may allow."  42 U.S. C. § 405(g).  Pursuant to this authority, the Commissioner has promulgated a regulation allowing the plaintiff sixty (60) days from receipt of the notice and further establishing a rebuttable presumption that receipt occurs "5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210 (c); Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1355 (S.D. Ala. 2002)(citations omitted).  A plaintiff may rebut the presumption of receipt five days after the date of the notice by "a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  "Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption."  Pettway, 233 F. Supp. 2d at 1356.  The result is the same when the plaintiff's

4

affidavit offers an explanation for late or failed receipt that is either facially insufficient or unsupported by extrinsic evidence." Id.  In the case at hand, the parties do not dispute that Plaintiff timely appealed a decision of an Administrative Law Judge denying her claim for benefits, and that on July 25, 2007, the Appeals Council sent, via mail, a letter addressed to Plaintiff at her Pine Hill, Alabama, with a copy to her representative, Ms. Davis, advising her of the Council's denial of her appeal, and of her right to commence a civil action within sixty (60) days from the date of receipt.  While the Commissioner argues that Plaintiff was granted a single sixty (60) day extension in which to file a civil action, Plaintiff has come forth with evidence that the Appeals Council granted her a second extension, for thirty (30) days, in a letter dated January 10, 2008.  The Commissioner has not objected to the Court's consideration of the January 10, 2008 letter, nor has the Commissioner sought to deny or refute Plaintiff's contention that a second extension was granted.

    Assuming arguendo that a second extension was in fact granted, the undersigned finds that Plaintiff has nevertheless failed to establish that her complaint was timely filed.  Under the Agency's regulations, Plaintiff is presumed to have received the January 10, 2008 letter granting her a second extension within five  days of its issuance day, absent a reasonable showing to the contrary.  While Plaintiff has argued that her counsel did not receive the January

10, 2008 letter until it was faxed to them on January 24, 2008, she has not alleged nor offered any evidence that the letter was not timely received by her and Ms. Davis, the individual who represented her in the administrative proceedings.  In the absence of any such evidence, the Court must presume that the letter was received by Plaintiff and her representative within five (5) days of its issuance date.      Pettway, 233 F. Supp. 2d at 1356.  Otherwise, Plaintiff would be accorded an open-ended filing deadline which would not be triggered until Plaintiff or her representative got around to forwarding the notice to her counsel.   Based on the January 10, 2008 letter, Plaintiff had thirty-five days, from the issuance date of the letter, in which to file her civil action.  The record reflects that Plaintiff's Complaint was not filed until two (2) days later, on Saturday, February 16, 2008. (Doc. 1).  Because Plaintiff's Complaint was not timely filed, it must be dismissed unless the Court determines that the statute should be equitably tolled.

The Eleventh Circuit has held that the doctrine of equitable tolling applies to the statute of limitations period embodied in Section 405(g), and that a finding of extraordinary circumstances is necessary before a court may equitably toll the SSA's statutory period. Jackson v. Astrue, 506 F.3d 1349, 1353  (11th Cir. 2007). In Jackson, the court observed that in order to demonstrate extraordinary circumstances, the plaintiff must come forth with

evidence establishing fraud, misinformation or deliberate concealment.  The plaintiff in <u>Jackson</u> presented evidence that she was proceeding pro se, that she had no legal training, and that she had attempted, in good faith, to timely file her complaint; however, she filed the complaint in the wrong court.  In rejecting the plaintiff's claim, the <u>Jackson</u> court found that the plaintiff was clearly notified that she was obligated to timely commence suit in federal court, and that she failed to come forth with any evidence which indicated that the Commissioner engaged in any act of affirmative misconduct in an effort to mislead her. (<u>Id.</u> at 1358.)

In this case, Plaintiff has not argued, nor has she presented any evidence which suggests that equitable tolling is appropriate.  As noted supra, Plaintiff's assertion that her counsel did not receive the Appeals Council's letter dated January 10th until it was faxed on January 24th is of no moment.  She has presented no evidence that the letter was not received by either her nor her representative within five (5) days of its issuance date.  Based on the January 10th letter, Plaintiff had a total of thirty-five (35) days, including the five accorded for receipt of the letter, or until February 14th in which to file her civil action.  Plaintiff's filing on February 16th was beyond the deadline, and she has failed to demonstrate any basis for equitable tolling.  Thus, her Complaint should be dismissed as untimely.

III. **Conclusion**

For the reasons set forth herein and upon careful consideration of the record and parties' arguments, it is the **RECOMMENDATION** of the undersigned that Defendant's motion to dismiss be **GRANTED.**

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **29**[th] day of **August, 2008.**

                                                       /s/ SONJA F. BIVINS
                                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                  **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**